UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VIVIAN IHIM | § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| LEGACY CHRISTIAN ACADEMY | § § § | |
| Defendant | § | JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Vivian Ihim, for her Complaint against Defendant Legacy Christian Academy, would show as follows:

Parties

1. Plaintiff is an individual.

2. Defendant is, on information and belief, a nonprofit corporation and may be served with summons and this Complaint through Kevin Mosley, its Head of School, at 5000 Academy Drive, Frisco, Texas 75034 or through Albert E. Potts, its registered agent, at the same address.

Jurisdiction and Venue

3. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 based on Plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

4. This Court has jurisdiction over this action under 28 U.S.C. § 1391 based on all events and omissions underlying Plaintiff's claims occurring in this District and Division.

COMPLAINT – Page 1

Facts

5. Plaintiff is of the black race and Nigerian national origin.

6. Plaintiff is a math teacher and the head of the math department at Reed Middle School in Duncanville, Texas. She was employed in that capacity between August 2018 and May 2020 and has been reemployed in that capacity since August 2022. During the period between August 2020 and January 9, 2022, Plaintiff was employed by Defendant.

7. Plaintiff was solicited by Defendant to be a math teacher by its head, Bill McGee, in July 2020. Plaintiff was explicitly told by McGee that an aspect of Defendant's interest in her becoming employed by it was her black race and Nigerian national origin, which would give Defendant diversity among its teachers. During her employment between August 2021 and January 9, 2022, Plaintiff was the only black teacher among a total of 67 teachers who worked for Defendant at its upper school, grades 9 through 12. The prior academic year, Defendant had one other black teacher in its upper school, but of American national origin, but that teacher was no longer a teacher at Defendant after August 2021.

8. Plaintiff became employed by Defendant beginning in August 2020 for its 2020-2021 school year. In reliance on her employment with Defendant, Plaintiff and her husband sold a home close to her job in Duncanville.

9. During the period between August 2020 and November 30, 2021, Plaintiff was subjected to disparate employment on the basis of race and national origin by actions to which white teachers of American national origin at Defendant were not subjected, including as follows:

(a) In September 2020, Plaintiff was required to wear a special electronic speaking appliance allegedly because her Nigerian English accent made her speech not understandable to students after a student's parent complained in an email about Plaintiff's accent. No white teacher of American national origin was similarly required to use a voice assistance device, and no such request has ever been made by Plaintiff by the Duncanville, Texas Independent School District.

(b) Between August 2020 and February 2022, Plaintiff was otherwise treated less favorably than other math teachers who were white and of American national origin, Glenn Dibley, Kelly Wiggins, Tim Fisher and Michell Rogers; including by (1) having multiple math classes originally assigned her removed and assigned to a younger white teacher without math teaching experience, (2) having her curriculum changed multiple times, (3) denied a teacher's desk or table originally assigned to her, (4) assigned to supervise study hall when classes originally assigned her were removed from her.

(c) Between August 2020 and February 2022, Plaintiff was otherwise treated differently than all other teachers at Defendant, white and of American national origin, by being disparaged on account of her race and national origin.

10. Prior to November 30, 2021, Plaintiff was requested by Defendant's chapel coordinator, also a teacher at Defendant, to address questions related to the culture of the Igbo tribe in Nigeria to which her family belonged. After Plaintiff did so on November 30, 2021, she was vilified for truthfully communicating various aspects of Igbo culture. The vilification included multiple derogatory statements to or about Plaintiff by fellow teachers, students and administrative personnel of Defendant and parents of students, some or all of whom falsely complained that Plaintiff was lying about her own background. The vilification required Plaintiff

to decline a further request by an English teacher to again address the subject of her family's Igbo culture.

11. On December 7, 2021, despite the lack of prior notice by any representative of Defendant of any concerns with Plaintiff's performance, Plaintiff was subjected to a performance employment plan ("PIP"). The PIP was preceded by a meeting with Defendant's principal and director of academics in which they falsely criticized her performance.

12. Between December 7, 2021 and January 9, 2022, Plaintiff complained, including in writing to Bill McGee, Defendant's head of school, with a copy to Jenny Brady, senior director for community engagement and diversity, and Paula Brothers, a human resources representative of Defendant, that the PIP represented discrimination against Plaintiff on the basis of her race and national origin because, among other things, she was made subject to a greater number of observations per semester than was typical for teachers at Defendant, criticized for not being available for tutoring when she had made herself freely available, and otherwise criticized for not meeting expectations stated in the PIP which she in fact had already met or about which she had never been told. She was also denied resources and support not denied white teachers, blamed for student deficiencies not reasonably attributable to her and subjected to false accusations relating to performance of her students. Plaintiff asked that her complaint of discrimination be investigated before the PIP took effect. In response, Plaintiff was told that the PIP was to be implemented regardless of her complaint of discrimination. She then complained that insisting upon immediate requirements of the PIP represented further discrimination and retaliation, and was threatened with termination for cause on account of her complaints of discrimination and retaliation.

COMPLAINT – Page 4

13. On January 9, 2022, Plaintiff was terminated for alleged failure to satisfy the PIP.

14. As a consequence of Defendant's treatment of Plaintiff prior to her termination and its termination of her employment, Plaintiff has suffered a loss of compensation and benefits, including a loss of two years of credit service in the Duncanville Independent School District for purposes of the Texas Teachers Retirement System. Plaintiff has further suffered other pecuniary damages, mental anguish, loss of enjoyment of life, emotional distress, inconvenience and other non-pecuniary damages. Based on the conduct of Defendant, Plaintiff is entitled to recover punitive damages for intentional or reckless violation of its obligation not to unlawfully discriminate against her or retaliate against her for complaining of unlawful retaliation.

Claims

15. For first cause of action, Plaintiff would show that she was subjected to discrimination by Defendant on the ground of race and national origin in violation of the Civil Rights Act of 1964. Plaintiff is accordingly entitled to recover her actual, including compensatory, damages, punitive damages, prejudgment interest, attorney's fees and costs of court.

16. For her second cause of action, Plaintiff would show that she was subjected to retaliation by Defendant on the ground of race and national origin in violation of the Civil Rights Act of 1964. Plaintiff is accordingly entitled to recover her actual, including compensatory, damages, punitive damages, prejudgment interest, attorney's fees and costs of court.

17. For third cause of action, Plaintiff would show that she was subjected to discrimination by Defendant on the ground of race in violation of U.S.C § 1981. Plaintiff is accordingly entitled to recover her actual, including compensatory, damages, punitive damages, prejudgment interest, attorney's fees and costs of court.

18. For fourth cause of action, Plaintiff would show that she was subjected to retaliation by Defendant on the ground of race and in violation of U.S.C § 1981. Plaintiff is accordingly entitled to recover her actual, including compensatory, damages, punitive damages, prejudgment interest, attorney's fees and costs of court.

19. Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which she is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL TO PLAINTIFF